BECKER, Chief Judge,
Concurring in the Judgement.
This might have been a very straightforward case for review. The evidence clearly supports the conclusion that Senator Bryan wrested a camera from Mr. Rock-stein and flung it to the floor. The camera introduced into evidence without objection (G-3) had the kind of damage that one would expect from the kind of incident described. Indeed, stress marks on the negative containing images of Bryan were consistent with the damage to exhibit G-3 *69 itself, thereby supporting the inference that exhibit G-3 was the camera involved in the incident. If a jury had found Bryan guilty on the basis of this evidence, an affirmance of the judgment would be a foregone conclusion. The problem with this appeal stems from some of the trial judge’s statements in his post-trial opinion denying Bryan’s Motion for Judgment of Acquittal.
The issue is so well framed by Bryan’s Reply Brief that it will be useful to rescribe its relevant passages here:
The issue in this case is whether Exhibit G-3 was the camera involved in this incident. While G-3 does have extensive damage, it is undisputed that G-3 is not the type of camera that can automatically (and rapidly) advance its film, nor does it have a film winder attached which could have performed this same function. However, Judge Swan found that the camera involved in the incident had the capacity to fast forward the film, finding in his initial opinion as follows (JA 9-10):
The nomenclature of Rockstein’s camera, and whatever additional mechanism that was mounted upon the camera, allowed Rockstein to continue to take Bryan’s photograph in unremitting succession.
Thus, G-3 could not have been the camera Rockstein was using when taking pictures at the Legislature on the date in question.
I note additionally that the evidence was to the effect that a camera with a winder attached could not have sustained the kind of damage sustained by G-3. I also note, however, that this issue was not presented to the judge at trial.
The Reply Brief continues:
When this discrepancy between his findings and the nomenclature of G-3 was brought to Judge Swan’s attention in a post-trial motion, Judge Swan did not change his prior holding by finding that the camera did not have a fast forward mechanism, as he instead reaffirmed his prior holding by stating (JA 26):
Defendant suggests that one of the cameras was taking photographs in rapid succession. A witness, Mr. Sam Daly, who is also a photographer, suggested that on the day of the incident, Mr. Rockstein had a Nikon F4 camera. This camera has a built-in drive which can take photographs in rapid succession. This suggestion is consistent with the evidence adduced at trial.
However, to cure this inconsistency, Judge Swan then made a new finding, as follows (JA 26):
On the day of the incident, Mr. Rockstein had two cameras. If the Government proved that one of those cameras was damaged by defendant, the evidence would support a conviction. (emphasis added).
Rockstein, however, testified that he only had one camera on the day in question and only shot one roll of film, which he developed later that day. Thus, there were not two cameras.
These arguments are extremely forceful, and present what for me are troubling questions. But there are countervailing considerations: (1) there was evidence
from which it might be inferred that Rock-stein did have two cameras; and (2) there was also evidence that a photographer as skilled and experienced as Rockstein would have been able to operate the camera manually with as much celerity as if it had had a winder.
Judge Swan is an able, experienced, and conscientious jurist. In this high profile case, perhaps in an effort to tie down *70 every loose end, he may have said too much. In another sense, however in terms of not clearing up the issues that trouble me he may have said too little, but I lay much of that at the failure of the defense generally to raise these issues squarely at trial.
We are here reviewing the findings (and verdict) of a trial judge and our scope of review is highly deferential (we apply the clearly erroneous standard). Bryan has made a strong argument that the trial judge has made inconsistent findings. He appears to have done so. But even if he did, I am hard pressed to say that his bottom line that Bryan damaged G-3 by pulling it from Rockstein’s person and hurling it to the floor, is unsupported. Under these circumstances, I join in the judgment.